1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAYMOND DAVID RUILOBA,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

Case No. EDCV 15-1280 JC

MEMORANDUM OPINION AND
ORDER OF REMAND

18  **I.    SUMMARY**

19          On June 30, 2015, Raymond David Ruiloba ("plaintiff") filed a Complaint

20  seeking review of the Commissioner of Social Security's denial of plaintiff's

21  applications for benefits.  The parties have consented to proceed before the

22  undersigned United States Magistrate Judge.

23          This matter is before the Court on the parties' cross motions for summary

24  judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25  Court has taken both motions under submission without oral argument.  See Fed.

26  R. Civ. P. 78; L.R. 7-15; July 2, 2015 Case Management Order ¶ 5.

27  ///

28  ///

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On September 16, 2011, plaintiff filed applications for Supplemental

7    Security Income and Disability Insurance Benefits alleging disability on July 28,

8    2011, due to multiple physical impairments.  (Administrative Record ("AR") 215,

9    222, 241).  The Administrative Law Judge ("ALJ") examined the medical record

10   and heard testimony from plaintiff (who was represented by counsel) and a

11   vocational expert on September 16, 2013.  (AR 26-62).

12   On October 25, 2013, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 12-21).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe impairments:  radiculopathy in the

15   bilateral legs – left more frequent than right, degenerative disc disease with disc

16   protrusion and nerve root impingement, asthma, obesity, depressive disorder (not

17   otherwise specified), and anxiety/panic disorder (AR 14); (2) plaintiff's

18   impairments, considered singly or in combination, did not meet or medically equal

19   a listed impairment (AR 15-16); (3) plaintiff retained the residual functional

20   capacity to perform sedentary work (20 C.F.R. §§ 404.1567(a), 416.967(a)) with

21   additional limitations[1] (AR 16); (4) plaintiff could not perform any past relevant

22   work (AR19); (5) there are jobs that exist in significant numbers in the national

23   economy that plaintiff could perform, specifically Assembler, Packer, and

24   ────────────────

25   [1]The ALJ determined that plaintiff also (i) could never climb ladders, ropes, or scaffolds;
     (ii) could occasionally climb ramps or stairs; (iii) could occasionally balance, stoop, crouch,
26   kneel, or crawl; (iv) could perform occasional bilateral foot control operation with the lower
     extremities; (v) needed to avoid concentrated exposure to irritants "such as flumes [sic], odors,
27   dust, and gases"; (vi) required the option to sit or stand at will to avoid pain; and (vii) could
     occasionally interact with the public.  (AR 16).
28

1   Inspector (AR 20); and (6) plaintiff's allegations regarding the intensity,

2   persistence, and limiting effects of subjective symptoms were not entirely credible

3   (AR 17).

4        The Appeals Council denied plaintiff's application for review.  (AR 1-5).

5   **III.   APPLICABLE LEGAL STANDARDS**

6        **A.   Sequential Evaluation Process**

7        To qualify for disability benefits, a claimant must show that the claimant is

8   unable "to engage in any substantial gainful activity by reason of any medically

9   determinable physical or mental impairment which can be expected to result in

10  death or which has lasted or can be expected to last for a continuous period of not

11  less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

12  (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

13  impairment must render the claimant incapable of performing the work the

14  claimant previously performed and incapable of performing any other substantial

15  gainful employment that exists in the national economy.  Tackett v. Apfel, 180

16  F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

17       In assessing whether a claimant is disabled, an ALJ is required to use the

18  following five-step sequential evaluation process:

19       (1)   Is the claimant presently engaged in substantial gainful activity?  If

20             so, the claimant is not disabled.  If not, proceed to step two.

21       (2)   Is the claimant's alleged impairment sufficiently severe to limit

22             the claimant's ability to work?  If not, the claimant is not

23             disabled.  If so, proceed to step three.

24       (3)   Does the claimant's impairment, or combination of

25             impairments, meet or equal an impairment listed in 20 C.F.R.

26             Part 404, Subpart P, Appendix 1?  If so, the claimant is

27             disabled.  If not, proceed to step four.

28  ///

3

1        (4)     Does the claimant possess the residual functional capacity to

2                   perform claimant's past relevant work?  If so, the claimant is

3                   not disabled.  If not, proceed to step five.

4        (5)     Does the claimant's residual functional capacity, when

5                   considered with the claimant's age, education, and work

6                   experience, allow the claimant to adjust to other work that

7                   exists in significant numbers in the national economy?  If so,

8                   the claimant is not disabled.  If not, the claimant is disabled.

9  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

10  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

11        The claimant has the burden of proof at steps one through four, and the

12  Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

13  F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

14  v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

15  proving disability).

16      **B.**    **Standard of Review**

17        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

18  benefits only if it is not supported by substantial evidence or if it is based on legal

19  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

20  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

21  (9th Cir. 1995)).  Federal courts may review only the reasoning in the

22  administrative decision itself, and may affirm a denial of benefits only for those

23  reasons upon which the ALJ actually relied.  Garrison v. Colvin, 759 F.3d 995,

24  1010 (9th Cir. 2014) (citation omitted); see also Molina, 674 F.3d at 1121 (citing

25  Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196

26  (1947)) ("[courts] may not uphold an agency's decision on a ground not actually

27  relied on by the agency").

28  ///

1    Substantial evidence is "such relevant evidence as a reasonable mind might

2  accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

3  401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

4  less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,

5  911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence

6  supports a finding, a court must "'consider the record as a whole, weighing both

7  evidence that supports and evidence that detracts from the [Commissioner's]

8  conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

9  (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits

10  must be upheld if the evidence could reasonably support either affirming or

11  reversing the ALJ's decision.  Robbins, 466 F.3d at 882 (a court may not

12  substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see

13  also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more

14  than one rational interpretation, we must uphold the ALJ's findings if they are

15  supported by inferences reasonably drawn from the record.") (citation omitted).

16    Even when an ALJ's decision contains error, it must still be affirmed if the

17  error was harmless.  Treichler v. Commissioner of Social Security Administration,

18  775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was

19  inconsequential to the ultimate nondisability determination; or (2) the ALJ's path

20  may reasonably be discerned, even if the ALJ explains the ALJ's decision with

21  less than ideal clarity.  Id. (citation, quotation marks, and internal quotations

22  marks omitted).

23    A reviewing court may not make independent findings based on the

24  evidence before the ALJ to conclude that the ALJ's error was harmless.

25  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted);

26  see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may

27  not use harmless error analysis to affirm decision on ground not invoked by ALJ)

28  (citation omitted).  Where a reviewing court cannot confidently conclude that an

5

1    error was harmless, a remand for additional investigation or explanation is

2    generally appropriate.  See Marsh, 792 F.3d at 1173 (remanding for additional

3    explanation where ALJ ignored treating doctor's opinion and court not could not

4    confidently conclude ALJ's error was harmless); Treichler, 775 F.3d at 1099-1102

5    (where agency errs in reaching decision to deny benefits and error is not harmless,

6    remand for additional investigation or explanation ordinarily appropriate).

7    **IV.   DISCUSSION**

8           Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could

9    perform the representative occupations of Assembler, Packer, and Inspector

10   (collectively "representative occupations") based on testimony from the vocational

11   expert which, without explanation, deviated from the Dictionary of Occupational

12   Titles ("DOT").  (Plaintiff's Motion at 4-7).  The Court agrees.  As the Court

13   cannot find that the ALJ's decision is supported by substantial evidence or that

14   any error was harmless, a remand is warranted.

15          First, there is an apparent conflict between the vocational expert's testimony

16   and the DOT's requirements for the representative occupations.  In response to a

17   series of hypothetical questions posed by the ALJ at the hearing, the vocational

18   expert opined that a hypothetical individual with the same characteristics as

19   plaintiff would be able to perform any of the three representative occupations.

20   (AR 57-60).  According to the DOT, however, all of the representative

21   occupations identified by the vocational expert are at the sedentary exertional

22   level, and thus could require, among other things, "sitting most of the time" and

23   walking or standing for only "brief periods of time."  See DOT §§ 559.687-014

24   ["Ampoule Sealer"], 669.687-014 ["Dowel Inspector"], 713.687-018 ["Final

25   Assembler"]; see also 20 C.F.R. §§ 404.1567(a), 416.967(a) ("Although a

26   sedentary job is defined as one which involves sitting, a certain amount of walking

27   and standing is often necessary in carrying out job duties."); Social Security

28   Ruling ("SSR") 83-10 at *5 (noting, in part, that sedentary work is "performed

1    primarily in a seated position").  Such requirements appear to be inconsistent with

2    plaintiff's need "to sit or stand at will. . . ."  (AR 16, 57).  The vocational expert

3    affirmed that her opinion was "consistent with the [DOT]" (AR 60), but the DOT

4    is silent regarding sit-stand options.  See Buckner-Larkin v. Astrue, 450 Fed.

5    Appx. 626, 628 (9th Cir. 2011) (noting "the DOT does not discuss a sit-stand

6    option. . . .").

7         While district courts in this Circuit are split on the issue, unpublished Ninth

8    Circuit cases suggest that there is an apparent conflict between the DOT and

9    vocational expert testimony where, like here, the vocational expert testifies that

10   there are jobs available at the light or sedentary exertional level for a claimant who

11   needs a sit-stand option.[2]  See, e.g., id. at 628-29 (noting conflict between DOT

12   and vocational expert's testimony that representative sedentary occupations

13   "would allow for an at-will sit-stand option"); Coleman v. Astrue, 423 Fed. Appx.

14   754, 756 (9th Cir. 2011) (finding apparent conflict between DOT and VE

15   testimony that claimant could perform certain sedentary and light occupations,

16

17   _____

18       [2]To the extent defendant argues that "the [vocational expert's] testimony cannot be 'in
     conflict' with something that does not exist" (i.e., where the DOT is silent regarding a particular

19   limitation, such as a sit-stand option) (Defendant's Motion at 3), this Court disagrees.  See
     generally Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (remanding for ALJ to

20   address "unresolved potential inconsistency" between vocational expert ("VE") testimony and
     DOT where it was unclear whether DOT's requirements for representative jobs accounted for

21   claimant's limitation, and the ALJ failed to resolve such inconsistency with the VE, and as a
     result reviewing court was unable to determine whether VE's testimony actually conflicted with

22   the DOT) (cited by Massachi v. Astrue, 486 F.3d 1149, 1153-54 & n.20 (9th Cir. 2007));
     Bautista v. Colvin, 2015 WL 5156427, *6 (C.D. Cal. Sept. 2, 2015) ("Where the DOT's

23   requirements are unclear, there is an unresolved potential inconsistency in the evidence that the
     ALJ has a duty to resolve and support with substantial evidence.") (citations omitted); Wester v.

24   Colvin, 2015 WL 4608139, *5 (C.D. Cal. July 31, 2015) ("[I]n the context of a step-five
     determination, when a VE relies on a functional limitation about which the DOT is silent or

25   unclear, a conflict may exist depending upon the circumstances of the case.") (citations omitted);
     Smith v. Astrue, 2010 WL 5776060, at *11 (N.D. Cal. Sept. 16, 2010) ("District courts in the

26   Northern District of California have construed Massachi v. Astrue to mean that where an expert
     opines on an issue about which the DOT is silent, a conflict exists[.]") (citation omitted).

27

28

1    many of which "could not accommodate [a claimant's] need to switch between

2    sitting, standing, and walking on an hourly basis") (citations omitted).  This Court

3    is persuaded that there is an apparent conflict between the DOT requirements for

4    jobs at the sedentary exertional level and vocational expert testimony that such

5    jobs can still be performed by a claimant who requires a sit-stand option.  See,

6    e.g., McCullough v. Colvin, 2016 WL 1239209, *3 (C.D. Cal. Mar. 29, 2016)

7    ("sit-stand limitation creates a deviation from the DOT that must be explained")

8    (citation omitted); Clark v. Colvin, 2015 WL 5601406, *5 (E.D. Cal. Sept. 22,

9    2015) (weight of authority in Circuit is that absence from DOT of limitation on

10   need to be able to switch between sitting and standing or walking frequently

11   creates "apparent unresolved conflict" within the meaning of SSR 00-4p.)

12   (citations omitted);  Cato v. Colvin, 2015 WL 1481646, *8 (N.D. Cal. Mar. 31,

13   2015) (noting conflict between VE testimony and DOT where claimant required,

14   but "DOT does not explicitly provide for," a sit-stand option); Lorigo v. Colvin,

15   2014 WL 1577317, *11 (E.D. Cal. Apr. 18, 2014) (since "the DOT does not

16   discuss the availability of a sit/stand option," and VE expressly relied on the DOT,

17   VE's testimony that available jobs would allow for a sit-stand option

18   "automatically deviated from the DOT") (citing Buckner-Larkin, 450 Fed. Appx.

19   at 628-29; but see Wester v. Colvin, 2015 WL 4608139, *5 (C.D. Cal. July 31,

20   2015) (noting "District courts in the Ninth Circuit are divided on whether a

21   conflict exists for limitations not addressed by the DOT, including sit/stand

22   options.") (citing cases); King v. Colvin, 2016 WL 1255592, *5 (D. Idaho Mar.

23   28, 2016) (same; citing cases).

24       Second, since neither the vocational expert nor the ALJ acknowledged that

25   there was an apparent conflict between the vocational expert's testimony and the

26   DOT's requirements for the representative occupations, neither made any attempt

27   to explain or justify the deviation with respect to such occupations.  (AR 19-20,

28   57-61).  Accordingly, the vocational expert's testimony, which the ALJ adopted,

8

could not serve as substantial evidence supporting the ALJ's determination at step five that plaintiff could perform the representative occupations. Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001); see also Rawlings v. Astrue, 318 Fed. Appx. 593, 595 (9th Cir. 2009) ("Only after determining whether the vocational expert has deviated from the [DOT] and whether any deviation is reasonable can an ALJ properly rely on the vocational expert's testimony as substantial evidence to support a disability determination.") (citing Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007)); see, e.g., Wester, 2015 WL 4608139, at *5 ("[W]ere a VE to testify that a claimant requiring an at-will sit/stand option could perform jobs demanding six hours of standing without explicitly addressing whether those jobs would accommodate her at-will sit/stand requirement, that testimony might be inadequate to satisfy the Commissioner's burden, particularly if the jobs at issue were unskilled work.") (citing SSR 83-12 (recognizing that although certain jobs permit an employee some choice regarding sitting and standing, "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will")); cf., e.g., Buckner-Larkin, 450 Fed. Appx. at 628-29 (conflict between DOT and VE testimony adequately addressed where VE reasonably explained that deviation "was based on his own labor market surveys, experience, and research" and ALJ addressed the explanation in the decision); Devore v. Commissioner of Social Security, 2015 WL 3756328, *3-*4 (E.D. Cal. June 16, 2015) (VE provided "reasonable explanation" for opinion that 10 percent of available cashier jobs could accommodate plaintiff's need for a sit-stand option because VE testified that "erosion percentage [was] based upon the VE's professional opinion and not based upon information in the DOT because the DOT does not comment on the erosion aspect of the sit/stand option").

　　　　To the extent defendant argues that plaintiff has waived judicial review of this issue because plaintiff failed to raise it with the ALJ (Defendant's Motion at 4) (citing, *inter alia*, Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)), the

1    Court disagrees.  First, the plaintiff had no burden of proof at step five and, of

2    course, the ALJ did not announce the step five determination until after the

3    hearing.  The Court cannot conclude that plaintiff waived an issue by failing to

4    anticipate at the hearing that the ALJ would subsequently commit legal error in the

5    final decision.  Second, it appears that plaintiff did generally raise the issue in his

6    request to the Appeals Council for review of the ALJ's decision.  (AR 213).

7    Third, even if plaintiff arguably did not raise the issue with the Appeals Council,

8    such failure did not constitute a waiver of the issue on judicial review.  See Sims

9    v. Apfel, 530 U.S. 103, 105 (2000) (holding that Social Security claimant seeking

10   judicial review does not waive issues he fails to include in request for review by

11   Appeals Council).  Finally, in Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir.

12   1999), cited by defendant, the claimant attempted to raise an issue for the first time

13   before the District Court that – unlike here – required consideration of new

14   evidence which had not been presented to the ALJ or the Appeals Council.  See

15   Meanel, 172 F.3d at 1115; see also Silveira v. Apfel, 204 F.3d 1257, 1260 n.8 (9th

16   Cir. 2000) (considering issue raised for the first time on appeal "because it is a

17   pure question of law and the Commissioner will not be unfairly prejudiced by

18   [plaintiff's] failure to raise the issue below"; distinguishing Meanel as "a case in

19   which the claimant rest[ed] her arguments on additional evidence presented for the

20   first time on appeal, thus depriving the Commissioner of an opportunity to weigh

21   and evaluate that evidence. . . ") (citations omitted).

22        Finally, the Court cannot find that the ALJ's error was harmless since

23   defendant points to no persuasive evidence in the record which supports the

24   vocational expert's apparent deviation from the DOT or could otherwise support

25   the ALJ's non-disability determination at Step Five.  Cf. Tommasetti v. Astrue,

26   533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in finding that claimant could

27   return to past relevant work based on vocational expert's testimony that deviated

28   from DOT because ALJ "did not identify what aspect of the [vocational expert's]

experience warranted deviation from the DOT, and did not point to any evidence in the record other than the [vocational expert's] sparse testimony" to support the deviation, but error was harmless in light of ALJ's alternative finding at step five, which was supported by substantial evidence, that claimant could still perform other work in the national and local economies that existed in significant numbers).

## V.    CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  May 31, 2016

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).